Siegfreid S.CHLUSSELBERG et al., d/b/a
Texas Sales Company, Petitioners,

v.

Robert S. CALVERT, Comptroller,
Respondent.

No. B–1415.

Supreme Court of Texas.

July 16, 1969.

Peticolas, Luscombe & Stephens, John B. Luscombe, Jr., El Paso, for petitioners.

Crawford C. Martin, Atty. Gen., Robert B. Davis, Asst. Atty. Gen., Austin, for respondent.

WALKER, Justice.

We are concerned here with sales of tangible personal property in Texas to purchasers who bought for resale in Mexico. The question to be decided is whether the sales are exempt from the payment of taxes imposed by our Limited Sales, Excise and Use Tax Act as it existed prior to the 1963 amendment. Acts 1961, 57th Leg. 1st C.S., p. 71, ch. 24. All statutes will be cited by reference to the article numbers appearing in this Act. The trial court sitting without a jury concluded that the transactions were exempt as "sales for resale" under the provisions of Paragraph (N) of Article 20.04. The Court of Civil Appeals reversed and rendered, holding that the exemption applies only when the purchase is for resale in Texas. 436 S.W. 2d 577. We reverse the judgment of the Court of Civil Appeals and affirm that of the trial court.

Petitioners are engaged in business in El Paso under the name of Texas Sales Company. The sales in question were made by petitioners during 1961 and 1962 to Rudolfo Peretz and R. Vasquez, both of whom are residents of Mexico. It was stipulated in the trial court that the facts relating to the sales to Peretz would control in determining the taxability of the transactions with Vasquez.

The evidence discloses that Peretz made selections of merchandise at a Texas Sales Company store in El Paso approximately every 30 days. The packaged merchandise, consisting principally of radios, watches, scarves and fountain pens, was picked up by one Emilio, who made delivery to Peretz at his residence in Mexico. Peretz then paid petitioners for the goods. Emilio was paid by the package for his services. His methods of operation are not disclosed by the evidence, but it seems likely that no attempt was made to comply with the export regulations of the United States or the import regulations of the Republic of Mexico. It is undisputed, however, that the merchandise purchased from petitioners was resold by Peretz in Mexico. The sales to Peretz alone amounted to about $180,000.00 annually. Petitioners collected no sales tax on the goods sold to Peretz and Vasquez but did keep "a special book for them." Taxes on the sales were assessed by the Comptroller of Public Accounts and were paid under protest. This suit was then brought to recover the amount paid plus interest.

The relevant statutory provisions, with emphasis supplied, are:

Art. 20.01. Title—Definitions.

\* \* \* \* \* \*

(I) Retail Sale or Sale at Retail. "Retail Sale" or "Sale at Retail" means:

(1) A sale for any purpose *other than for resale* in the regular course of business of tangible personal property.

\* \* \* \* \* \*

(S) Sale for Resale. "Sale for Resale" shall mean a sale of tangible personal property to *any purchaser* who is purchasing said tangible personal property *for the purpose of reselling it in the normal course of his business.* A sale for resale shall include a sale of tangible personal property to a purchaser for the sole purpose of that purchaser's renting or leasing said tangible personal property to another person, but not if incidental to the renting or leasing of real estate.

\* \* \* \* \* \*

Art. 20.02. Imposition of Limited Sales Tax.

There is hereby imposed upon each separate *sale at retail* of tangible personal property made within this State a limited sales tax at the rate of two per cent (2%) of the sale price of each item or article of tangible personal property *when sold at retail in this State.*

\* \* \* \* \* \*

Art. 20.04. Exemptions.

\* \* \* \* \* \*

(A) Constitution and Statutory Exemptions. There are exempted from the taxes imposed by this Chapter the receipts from the sale, lease or rental of and the storage, use or other consumption in this State of tangible personal property the gross receipts from the sale, lease or rental of which, or the storage, use or other consumption of which, this State is prohibited from taxing under the Constitution or laws of the United States or under the Constitution of this State.

\* \* \* \* \* \*

(E) Interstate Shipments.

(1) Property Shipped Outside State Pursuant to Sales Contract; Delivery by Retailer. There are exempted from the taxes imposed by this Chapter receipts from any sale of tangible personal property which, pursuant to the contract of sale, is shipped to a point outside this State by the retailer by means of: (a) Facilities operated by the retailer. (b) Delivery by the retailer to a carrier for shipment to a consignee at such point; or (c) Delivery by the retailer to a customs

broker or forwarding agent for shipment outside this State.

\*   \*   \*   \*   \*   \*

(N) Sale for Resale: Leasing or Renting.

(1) There are exempted from the taxes imposed by this Chapter the receipts from *all sales for resale*, leasing or renting.

■ Respondent points out that the Legislature has made specific provision in Paragraphs (A) and (E) of Article 20.04 for the exemption of sales where the goods are shipped outside the state or destined for export to a foreign country. He argues that in view of these provisions, the exemption granted by Paragraph (N) of Article 20.04 could only have been intended to apply when the purchase is for resale in Texas. We do not agree.

The several exemptions are clearly designed to deal with entirely different situations. Paragraph (A) is broad enough to exempt both wholesale and retail sales of goods for export under such circumstances that an attempt to tax the transaction would violate Article 1, Section 10, of the Constitution of the United States. Paragraph (E) refers specifically to retailers and, in effect, exempts retail sales of goods shipped outside the state in the manner there specified. Paragraph (N) relates only to wholesale transactions and by its terms exempts all sales for resale.

There is nothing to suggest that the Legislature intended for the exemption granted by Paragraph (N) to apply only in cases where the purchase is made for resale in Texas. It is clear from a reading of the entire statute that its purpose is to tax retail sales. A sale for resale is ordinarily regarded as a wholesale rather than a retail transaction. There can be no doubt as to the intention of the lawmakers in this instance, because the statute specifically exempts "all sales for resale" and defines the term as meaning a sale to "any purchaser who is purchasing said tangible personal property for the purpose of reselling it in the normal course of his business." We hold that the exemption extends, as the Legislature declared it should, to all sales for resale. This does not give extraterritorial effect to the Texas statute. It is the retail sale in Texas that is taxed; it is the sale in Texas for resale here or elsewhere that is exempted.

Respondent argues that if the exemption applies to sales for resale outside the state, it will be virtually impossible for him to determine whether the goods are actually resold. He also points out that the exemption of sales in Texas for resale elsewhere will result in the loss of much revenue. These arguments should be addressed to the Legislature, because it is our opinion that the statute as written is too plain to admit any construction other than that adopted by the trial court.

■ Respondent further contends that the merchandise sold by petitioners to Peretz was not resold in the normal course of business because there was no compliance with export and import regulations. He also says that it is against public policy to allow petitioners to recover in this suit. We reject these contentions. There is evidence to support a finding that Peretz purchased the goods for the purpose of reselling them in the normal course of his business as required by Paragraph (S) of Article 20.01. He testified that he is an importer and wholesaler in Mexico, that he made purchases from petitioners and other suppliers in Texas every 30 days, that none of the merchandise was used by him personally, and that all the goods were resold by him in Mexico to ten regular customers. The merchandise was eventually resold by these customers, some of whom have shops and some of whom do not. It does not appear that petitioners have violated any law, and they are not to be deprived of an exemption granted by the Act simply because their purchaser or his agent may have failed to observe the export regulations of the United States or the import regulations of the Republic

of Mexico. Our merchants cannot be expected to police their customers and should not be assessed taxes as punishment for the criminal conduct of others. We hold that the sales in question are exempt.

The judgment of the Court of Civil Appeals is reversed and that of the trial court is affirmed.